**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **NETVUE TECHNOLOGIES CO., LTD.,**<br><br>*Plaintiff,*<br>v.<br><br>**2024 BEAUTIFUL STORE, ET AL.**<br><br>*Defendants.* | Civil Action No. **1:25-cv-06812-SDG**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

Plaintiff Netvue Technologies Co., Ltd. ("Netvue" or Plaintiff) hereby submits this First Amended Complaint against Defendants 2024 Beautiful Store, GesenWIN, GLISTBAY, GrnPeak, JPKJ 1, MISTFORE Direct-US, MIXXIDEA US, Moritic, Onhear Tech, PeckCam, Solution4Patio Expert in Garden Creation, suruida, TT Nature, TT Nature Official, VisioGear Inc., WESTHEY Direct, YOOBLIAN, zhumingxmy, wujie best, Night Vision Official, ManWuKangXuan, petmix, and TT Nature Official-Walmart (collectively, "Defendants"), all of which are Internet stores on Amazon.com or Walmart.com, for infringement of United States Design Patents Nos. D1,059,694 ("'694 Patent"), D1,060,865 ("'865 Patent"), and D1,085,564 ("'564 Patent") (collectively, "Patents-in-Suit") and allege as follows:

## INTRODUCTION

1. Plaintiff files this action to combat foreign infringers who are infringing upon Plaintiff's patented inventions, namely the Patents-in-Suit, by importing, selling, and/or offering for sale the Infringing Products, shown in Exhibit 1. Plaintiff has been and continues to be irreparably damaged as a result of Defendants' infringing actions from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented inventions and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

3. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Georgia, through at least the fully interactive, commercial Internet stores operating on Amazon.com or Walmart.com (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Georgia residents by operating one or more commercial, interactive Defendant Internet Stores through which Georgia residents can purchase products featuring Plaintiff's patented design. Each of the Defendants has targeted sales to

Georgia residents by operating online stores that offer shipping to the United States, including Georgia, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's patented design to residents of Georgia. Each of the Defendants is committing tortious acts in Georgia, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Georgia.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendants are believed to not be residents of the United States.

5. Joinder in this matter is proper under 35 U.S.C. § 299(a) as the Defendants are all offering for sale the same or substantially identical infringing products, likely from the same manufacturer, and this case will involve common questions of fact to all Defendants. Furthermore, Defendant Internet Stores share unique identifiers, such as using the same or substantially similar product images, same advertising, design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences.

## THE PARTIES

### Plaintiff Netvue

6. Plaintiff Netvue Technologies Co., Ltd. is a Chinese business entity with a principal place of business in Shenzhen, Guangdong, China. Netvue is further associated with Netvue Inc., a California corporation located in Pasadena, California. Netvue is doing business in the United States as Birdfy.

7. Established in 2010, Netvue began developing intelligent, mobile internet-connected hardware. Netvue's expertise lies in integrating professional security cameras with advanced AI technology to produce innovative products that not only enhance safety but also add joy and excitement to everyday life. This encompasses classic indoor and outdoor cameras, along with baby monitors.

8. In 2020, with a focus on enriching people's lives, particularly for those seeking a deeper connection with nature and a desire to contribute to wildlife conservation, Netvue launched the sub-brand Birdfy. Birdfy serves as a gateway to nature, fostering a connection with birds. Through the integration of advanced built-in cameras and AI technology within well-designed bird feeders and boxes, the Birdfy series empowers users to closely observe and identify birds from any location and at any time. Netvue's innovative products have received numerous awards and are featured in many media reports including ABC News. One of the innovative Birdfy products was recently named one of TIME's Best Innovations of 2025. *See*

https://time.com/collections/best-inventions-special-mentions/7320863/birdfy-bath-pro/.

9. Plaintiff is the rightful owner of the attached U.S. Design Patents-in-Suit, true and correct copies of which are attached hereto as Exhibits 2, 3, and 4.

10. Netvue is the named applicant and assignee of the ‘694 Patent, entitled “Bird Feeder.” Exhibit 2.

11. The ‘694 Patent was duly issued on January 28, 2025. *Id.*

12. The ‘694 Patent enjoys the earliest effective filing date of August 10, 2023. *Id.*

13. The named inventor of the ‘694 Patent is Chuan Chen of Guangdong, China. *Id.*

14. The ‘694 Patent claims the ornamental design for a bird feeder as shown and described in the figures. *Id.*



15. Netvue is the named applicant and assignee of the ‘865 Patent, entitled “Bird Feeder.” Exhibit 3.

16. The ‘865 Patent was duly issued on February 4, 2025. *Id*.

17. The ‘865 Patent enjoys the earliest effective filing date of August 10, 2023. *Id*.

18. The named inventor of the ‘865 Patent is Chuan Chen of Guangdong, China. *Id.*

19. The ‘865 Patent claims the ornamental design for a bird feeder as shown and described in the figures. *Id*.



20. Netvue is the named applicant and assignee of the ‘564 Patent, entitled “Bird Feeder.” Exhibit 4.

21. The ‘564 Patent was duly issued on July 22, 2025. *Id.*

22. The ‘564 Patent enjoys the earliest effective filing date of August 10, 2023. *Id.*

23. The named inventor of the ‘564 Patent is Chuan Chen of Guangdong, China. *Id.*

24. The ‘564 Patent claims the ornamental design for a bird feeder as shown and described in the figures. *Id.*



25. Plaintiff sells combined bird feeders with camera including by and through its own website, https://www.birdfy.com, which practices the ‘694 Patent, the ‘865 Patent, and the ‘564 Patent. Plaintiff has established its products as the first to market with prestigious reputation and quality reviews.




26. The Netvue Birdfy Smart Bird Feeder is made for bird watching via your phone. It is sturdy and stable, easy to clean and maintain, and easy to fill with bird food. The Netvue Birdfy Smart Bird Feeder provides birds with a cozy spot to eat, relax, and enjoy their leisure time.

27. Plaintiff is the lawful owner of all rights, title, and interest in the Patents-in-Suit. It has not granted a license or any other form of permission to Defendants with respect to the patent designs or the Patents-in-Suit.

28. Netvue has fully complied with the virtual marking requirements of 35 U.S.C. § 287 by fixing to the package of the Birdfy Smart Bird Feeder a label containing the word "patent" together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent. *See* https://www.birdfy.com/pages/ip.

## The Defendants

29. Upon information and belief, Defendants are an interrelated group of foreign partnerships or other unincorporated associations or entities operating the Amazon or Walmart storefronts identified as 2024 Beautiful Store, GesenWIN, GLISTBAY, GrnPeak, JPKJ 1, MISTFORE Direct-US, MIXXIDEA US, Moritic, Onhear Tech, PeckCam, Solution4Patio Expert in Garden Creation, suruida, TT Nature, TT Nature Official, VisioGear Inc., WESTHEY Direct, YOOBLIAN, zhumingxmy, wujie best, Night Vision Official, ManWuKangXuan, petmix, and TT Nature Official-Walmart from the People's Republic of China. Defendants conduct business throughout the United States, including within the State of Georgia and this Judicial District, through the operation of fully interactive, commercial online marketplaces, such as Amazon.com, eBay.com, Walmart.com or Temu.com, under the Defendant Internet Stores. Each Defendant targets the United States, including Georgia, and has offered to sell, ready to ship, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Georgia.

30. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Patents-in-Suit, and continue to do so via the Defendant Internet Stores. Each

Defendant Internet Store offers shipping to the United States, including Georgia, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Georgia.

| *Representative Figure from Patents-in-Suit* | *Representative Infringing Products* |
|---|---|
| US D1,059,694  |  |
| US D1,065,865  |  |

| US D1,085,564 | |
|---|---|
|  |  |

31. Defendants' infringement of the Patents-in-Suit in the offering to sell, selling, or importing of the Infringing Products is willful, at least as of the filing of this complaint, if not earlier.

32. Defendants' infringement of the Patents-in-Suit in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Georgia, is irreparably harming Plaintiff.

**COUNT I**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT D1,059,694**
**(35 U.S.C. § 271)**

33. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

34. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental designs claimed in the ‘694 Patent.

35. Defendants have infringed the ‘694 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants’ wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff will further suffer irreparable harm due to loss of goodwill and reputation, and price erosion. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

36. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert therewith from infringing the Patent, Plaintiff will be greatly and irreparably harmed.

37. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants’ profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT II**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT D1,060,865**
**(35 U.S.C. § 271)**

38. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

39. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental designs claimed in the '865 Patent.

40. Defendants have infringed the '865 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff will further suffer irreparable harm due to loss of goodwill and reputation, and price erosion. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

41. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert therewith from infringing the Patent, Plaintiff will be greatly and irreparably harmed.

42. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT III
## INFRINGEMENT OF UNITED STATES DESIGN PATENT D1,085,564
## (35 U.S.C. § 271)

43. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

44. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental designs claimed in the ‘564 Patent.

45. Defendants have infringed the ‘564 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants’ wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff will further suffer irreparable harm due to loss of goodwill and reputation, and price erosion. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

46. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert therewith from infringing the Patent, Plaintiff will be greatly and irreparably harmed.

47. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants’ profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Patents-in-Suit;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patents-in-Suit; and

c. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b) above.

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon.com, Temu.com, eBay.com, Walmart.com, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment

processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patents-in-Suit;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patents-in-Suit; and

c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the Patents-in-Suit, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of the Patents-in-Suit;

4) That Plaintiff be awarded from Defendants, as a result of Defendants' willful infringement of the Patents-in-Suit, up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury as to all causes of action so triable.

DATED January 12, 2026.

Respectfully submitted,

By: */s/ Albert M. Myers*
Albert M. Myers
GA Bar No. 002711
*mearsly@gmail.com*
**AL MYERS LAW, LLC**
Suite 500
1050 Crown Pointe Parkway
Atlanta, GA 30338
(404) 931-7735

Timothy Wang (pro hac vice forthcoming)
Texas Bar No.: 24067927
*twang@nilawfirm.com*
**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*